NESTOR v. THE ITEM COMPANY, LTD.

___

(December 15, 1930. Opinion and Decree.)
(January 5, 1931. Rehearing Refused.)
(February 2, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

___

Puneky & Barrios and L. Walter Cockfield, of New Orleans, attorneys for plaintiff, appellee.

Henry & Cooper and A. M. Suthon, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. This suit results from an intersectional collision between a Ford car owned and driven by plaintiff and an International truck owned by defendant, Item Company, Ltd., and driven by its employee in the course and within the scope of his employment.

Plaintiff, at about 4:15 in the morning, was driving his Ford on Washington Avenue towards the Mississippi river. Defendant's truck was being driven down Howard street towards Canal street. After plaintiff's Ford crossed the neutral ground of Howard street and entered the riverside driveway of that street the collision occurred.

Plaintiff contends that he had the right of way; that defendant's truck was proceeding at too rapid a speed; that it gave no warning of its approach; that its headlights were poor; and that the brakes were not in working order.

The trial judge came to the conclusion that defendant's truck was being carelessly operated or was in a defective condition and that there was no contributory negligence on the part of plaintiff and rendered judgment in plaintiff's favor for $184 as prayed for.

Under the traffic ordinance which is involved and which has been introduced in evidence, to-wit: Ordinance No. 7490, C.C.S., both Washington Avenue and Howard Avenue, at that point, are right of way streets and, in this situation, since the truck of the Item Company was approaching from plaintiff's right, the truck should have been given the right of way, assuming that both vehicles reached the intersection at approximately the same time and that it had not been pre-empted by plaintiff.

We also find that article 1, paragraph 7, subdivision (d) of the Ordinance should be taken into consideration because under that subdivision plaintiff should have stopped and sounded his horn when he arrived on the neutral ground of Howard street and before he attempted to cross the riverside driveway. He admits that he did not do this.

Accepting as true plaintiff's entire version of the matter we cannot escape the conclusion that he, himself, was guilty of contributory negligence without which the accident could not have occurred. His statement is that he was proceeding across the intersection at a very slow rate of speed, eight or ten miles per hour; that he had his car under perfect control and that his brakes were in perfect working order and that he saw the Item truck approaching at a speed of 35 or 40 miles per hour when it was yet 25 or 30 feet from him. There is no doubt whatever that had he stopped as he should when he arrived on the neutral ground he would have been able to see the truck at a considerable distance away, even assuming that its lights were poor as he contends they were. Had he done this we know of no reason why he could not have remained in his safe position instead of darting out into the roadway when the truck was approaching.

We find it unnecessary to discuss the details of the evidence with reference to the charges of negligence hurled at defendant because, as we have said, whatever may have been the fault of defendant, it is manifest that the accident could have been avoided had plaintiff himself complied with the provisions of the traffic ordinance and had he exercised due caution. His own contributory negligence bars his recovery.

The judgment appealed from is annulled, avoided and reversed and there is now judgment dismissing plaintiff's suit at his cost.